IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JACK J. WEINSTEIN,                )
                                           )
          Plaintiff,          )   TC-MD 130324C
                                           )
          v.                    )
                                         )
LANE COUNTY ASSESSOR,     )
                                         )
          and                  )
                                         )
DEPARTMENT OF REVENUE,    )
State of Oregon,                )
                                         )
          Defendants.      )  **DECISION**

Plaintiff has appealed the decision of Defendant Oregon Department of Revenue (Department) to inactivate his account with the Senior and Disabled Property Tax Deferral Program for the 2013-14 tax year. The Department filed its Answer explaining the reasons for the account inactivation and requesting that the court uphold its action. The court held a telephone case management hearing July 1, 2013, to discuss the appeal. Plaintiff appeared on his own behalf. The Department was represented by Kathy Stevens. Defendant Lane County Assessor did not appear.[1] At the commencement of the July 1, 2013, proceeding, following a few initial questions by the court, the parties requested that the court make a decision based on the undisputed facts and testimony presented.

/ / /

---

[1] The absence of a representative from the assessor's office is not critical because that office did not take the action from which Plaintiff appealed and the assessor was therefore not a necessary party. ORS 305.275(1) extends the right to appeal to the magistrate division of the Oregon Tax Court to any person "aggrieved" by an act or determination of one of several governmental entities including the assessor's office and the Department. Because the determination in this case was made by the Department, which had been paying Plaintiff's annual property taxes under the statutory tax deferral program referenced above, it was the Department, and not the assessor, that caused Plaintiff to be aggrieved.

## I. STATEMENT OF FACTS

Plaintiff had been "a participant in the [Senior and Disabled Citizen Property Tax Deferral] program since 2001." (Def's Ans at 1.) As is more fully explained below, qualifying taxpayers are required to periodically verify (certify) that their homesteads continue to qualify for deferral. The Department sends a notice to taxpayers at least once every three years advising them that they need to certify that their properties continue to be eligible and the taxpayers have a specified amount of time to respond. The Department sent the notice in this case, but Plaintiff missed the response deadline.

Plaintiff explained during the July 1, 2013, hearing that he was eighty years old, that his wife, who used to take care of certain matters including the property tax deferral, had passed away "about a year ago," and that he was suffering from memory problems and still having difficulty getting over the loss of his wife.

## II. ANALYSIS

Oregon has a homestead property tax deferral program available to qualifying individuals owning qualifying property. *See generally* ORS 311.666 to ORS 311.701.[2] Legislative changes made by the Regular Session of the 2012 Oregon Legislative Assembly amended former ORS 311.689 (2011) in several respects. As is pertinent to this case, the Department became responsible for certifying the continued eligibility of each homestead granted deferral "not less than once every three years." ORS 311.689(1)(a).[3] To carry out that mandate, the legislature required that: (1) the Department "notify the taxpayers [whose homesteads had been granted

---

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2012 and incorporate the amendments contained in Or Laws 2012, ch 13.

[3] Prior to the 2012 amendment, the statute required taxpayers to certify continued eligibility for deferral to the county assessor. *See former* ORS 311.689(1) (2011). The amendment became effective June 4, 2012. *See* Or Laws 2012, ch 13, § 9 (see note the following § 9 for the identification of the effective date).

deferral] in writing of the[ir] obligation to certify eligibility," and (2) taxpayers "respond, by the means prescribed by the department, within 65 days after the department sends the notification." ORS 311.689(1)(b).

In this case the Department sent Plaintiff a notice dated February 1, 2013. (Ptf's Compl at 5.) The notice advised Plaintiff that he had to complete the six questions in the attached form, attach a copy of his 2012 property tax statement, sign the form, and return it "to the department within 65 days from the date of this notice." (*Id*.) The 65-day deadline was April 8, 2013, because the 65th day fell on a Sunday, April 7.

Plaintiff acknowledged during the hearing on July 1, 2013, that he missed the deadline by seven days.[4] The form Plaintiff submitted to this court with his Complaint suggests Plaintiff likely missed the deadline by approximately two weeks; the deadline was April 8 and Plaintiff's form is dated April 20, 2013. (Ptf's Compl at 4.)

The other relevant, and in this case fatal, statutory amendment provides that "failure to respond as required under paragraph (b) of this subsection [which requires the Department to notify the taxpayer and requires the taxpayer to respond within 65 days] renders the homestead ineligible for deferral for the next following property tax year." ORS 311.689(1)(c). At the time of the Department's recertification notification in February 2013 the "following property tax year" was 2013-14. Defendant sent Plaintiff a notice dated April 22, 2013, advising Plaintiff that his failure to provide the information demonstrating that his property continued to meet the deferral eligibility requirements within the 65-day deadline rendered his account inactive and

/ / /

_____

[4] The court explored Plaintiff's assertion that he was "told" he was seven days late, but was unable to get a satisfactory explanation, perhaps because Plaintiff indicated during the proceeding that he had memory problems, and it appears that he was communicating with the assessor's office, the Department, and eventually this court.

made Plaintiff responsible for payment of the property taxes for the 2013-14 tax year. (Ptf's Compl at 3.)

The court is without any statutory authority to grant Plaintiff's request to continue the deferral. There was some discussion prior to the conclusion of the July 1, 2013, hearing about Plaintiff requesting relief from the Director of the Oregon Department of Revenue as provided in ORS 311.681.

### III. CONCLUSION

The court concludes that Defendant properly inactivated Plaintiff's homestead property tax deferral account for the 2013-14 tax year because it timely sent Plaintiff notice of his requirement to certify the property's continued eligibility and Plaintiff did not respond within the time set by the legislature. Furthermore, the court does not have any authority to consider any extenuating circumstances and grant Plaintiff's request to reinstate the deferral for the tax year at issue. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ＿＿ day of July 2013.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within __60__ days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Dan Robinson on July 8, 2013. The court filed and entered this Decision on July 8, 2013.*